UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE : LEON LAMAR COE<br>*DEBTORS* | CASE NO: 26-32715<br><br>CHAPTER 7 |

DEBTOR'S SECOND MOTION TO REOPEN BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF ADMINISTERING PENDING ADVERSARY PROCEEDING

**This pleading requests relief that may be adverse to your interests.**
**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Southern District of Texas, Houston Division; Bob Casey Federal Building and United States Courthouse; 10501 U.S. Courthouse, 515 Rusk Ave., Houston, TX 77002.**

**If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

**NOW COMES** Leon Lamar Coe (the "Debtor" or "Movant"), and files this Motion to Reopen Bankruptcy Case (the "Motion") pursuant to 11 U.S.C. § 523(a)(8)(B) and Federal Rule of Bankruptcy Procedure 4007(b). The Debtor seeks reopening for the limited purpose of permitting this Court to administer and adjudicate the pending

adversary filed. In support, the Debtor respectfully shows as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns the administration of the Debtor's bankruptcy case and rights arising under the Bankruptcy Code and is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case was commenced and administered in this Court.

3. The statutory basis for the relief requested is 11 U.S.C. § 350(b), and the procedural basis is Federal Rule of Bankruptcy Procedure 5010.

## II. PROCEDURAL BACKGROUND

4. On April 21, 2026, Leon Lamar Coe filed this case under Chapter 7 of the Bankruptcy Code. The matter was given Case No. 26-32715 and is assigned to the Honorable Jeffrey P. Norman.

5. On August 3, 2026, while the bankruptcy case remained open, the Debtor commenced Adversary Proceeding No. 26-03596 (the "Adversary Proceeding"). The Adversary Proceeding is also assigned to Judge Norman. The adversary proceeding seeks the determination of Dischargeability of debtor's Federal student loans as an undue hardship under 11 U.S.C. § 523(a)(8).

6. On August 6, 2026, the Court entered the Debtor's discharge. Among Mr. Coe's unsecured debts were student loans owed to the United States Department of Treasure. Altogether, Mr. Coe's consolidated student loans total $95,169.16, and they originated over several years – from 1999 to 2011. Despite having made around 154 payments over the life of the loans, the total has not gone down significantly.

7. The bankruptcy case was closed on August 6, 2026, while the Adversary Proceeding remained pending.

8. A Motion to Reopen the bankruptcy was filed on August 27, 2026 at 7:30 pm. Unfortunately, the attorney filing the motion had issues with the pacer payment system and so waited until the next day to make the payment. Payment was sent through the electronic payment system sometime that day, August 28, 2026.

9. Unfortunately, since the payment had not been made at the time of filing, the Court denied the Motion to Reopen the bankruptcy.

10. The Adversary Proceeding was still filed on the U.S. Department of Education, but before the proof of service or an answer was filed, the court closed the Adversary Proceeding on October 9, 2026.

## III. Factual Statements Regarding the Adversary Proceeding

11. Mr. Coe's income does not allow him to make the size of payment necessary to pay off the loans, some of which are already 27 years old, in the next ten years as that would require estimated payments of $960.09 per month. Mr. Coe's income is below the median for a family of two in this district and he could not afford to pay off the loans while maintaining a minimal standard of living for himself and his son.

12. Mr. Coe has a strong argument that he will meet the *Brunner* test requirements to show that further repayment on the federal student loans would create an undue hardship and in order to get his fresh start, his federal student loans should be discharged.

13. Reopening the main bankruptcy case will facilitate the orderly administration and adjudication of the Adversary Proceeding and any relief ancillary thereto. The Debtor does not seek to disturb or revoke the discharge, nor does the Debtor seek general administration beyond the limited purpose stated herein.

## III. Points and Authorities in Support of Motion to Reopen

14. This motion should be granted for the reasons stated above and based on the law governing the reopening of cases to provide relief to the debtor.

15. Courts have long held that a bankruptcy case may be reopened in order that a

complaint relating to the Dischargeability of a particular debt may be determined by the court under 11 USC §523 under Fed. R. Bankr. P. 4007(b). "A debtor or creditor may file a complaint to determine the dischargeability of a debt. Other than under section 523(c), the complaint may be filed at any time. Thus, there is no deadline to file a dischargeability action except for those filed on the basis of sections 523(a)(2), 523(a)(4), and 523(a)(6)." *Shaw v. EduCap, Inc.* (*In re Shaw*), Nos. 08-30319-H3-7, 13-3251, 2015 Bankr. LEXIS 658, at 7 (Bankr. S.D. Tex. Mar. 3, 2015).

16. Section 350(b) provides that a closed bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Rule 5010 further provides that a case may be reopened on motion of the debtor or another party in interest. Fed. R. Bankr. P. 5010.

17. Whether to reopen a bankruptcy case lies within the sound discretion of the bankruptcy court and depends upon the circumstances presented. Cause exists here because the Adversary Proceeding was commenced before closure of the main case and remains pending before this Court.

18. Reopening will preserve procedural regularity, permit this Court to adjudicate the pending Adversary Proceeding, and allow the Debtor to obtain any relief to which he may be entitled under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable law.

19. The requested reopening is limited in scope and will not prejudice creditors or other parties in interest. It will maintain the status quo while allowing the pending dispute to proceed in the forum already exercising jurisdiction over the bankruptcy case and the Adversary Proceeding.

20. Neither the closure of the bankruptcy nor the dismissal of the adversary procedure had any relationship to the merits of the adversary procedure nor to Mr. Coe's rights under the bankruptcy code to request a judicial ruling on the dischargeability of his student loans.

21. Accordingly, sufficient cause exists under 11 U.S.C. § 350(b) to reopen Case No. 26-32715 for the limited purpose of administering and adjudicating Adversary

Proceeding No. 26-03596 and related matters.

**IV. PRAYER**

WHEREFORE, PREMISES CONSIDERED, Leon Lamar Coe respectfully requests that the Court enter an order:

(i) reopening Bankruptcy Case No. 26-32715 pursuant to 11 U.S.C. § 350(b);

(ii) limiting the reopening to the administration and adjudication of Adversary Proceeding No. 26-03596 and matters directly related thereto;

(iii) granting the Debtor such other and further relief, at law or in equity, as the Court deems just and proper.

Respectfully submitted,

_________________________

Amy Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Phone: (210)294-9273
Filing Email: cpfiling@cimentlawfirm.com

**Certificate of Service**

I certify that a true and correct copy of Debtor Leon Lamar Coe's Debtor's Motion To Reopen Bankruptcy Case For The Limited Purpose Of Administering Pending Adversary Proceeding , together with the corresponding proposed order, was served upon all parties entitled to receive notice through the Court's CM/ECF system, PACER, and/or email, as applicable, on this 27th day of August 2026.

Leon Lamar Coe
23522 Padova Gardens Dr
Katy, TX, 77493

Jeannie Lee Andresen on behalf of Creditor Katy ISD houston_bankruptcy@lgbs.com

United States Department of Education edbknotices@ecmc.org
400 Maryland Avenue SW
Washington D.C. 20202-0001

Nathan Frederick Jones Smith on behalf of Creditor Navy Federal Credit Union nathan@mclaw.org TXSD_ECF@mclaw.org;mcecfnotices@ecf.courtdrive.com

Ronald J Sommers efile@nathansommers.com
RS@trustesolutions.com,RS@trustesolutions.net,psalazar@nathansommers.com

Stephen Wilcox on behalf of Creditor Mercedes-Benz Financial Services USA LLC
swilcox@basselwilcox.com, kraudry@wilcoxlaw.net; krw77@sbcglobal.net

US Trustee USTPRegion07.HU.ECF@USDOJ.GOV

_/s/ Amy Beth Clark___