UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>LEON LAMAR COE<br>DEBTOR, | CASE NO. 4: 26-BK-32715-JPN<br><br>CHAPTER 7 |
| LEON LAMAR COE,<br><br>PLAINTIFF,<br><br>VS.<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br><br>DEFENDANTS | ADVERSARY NO. |

PLAINTIFF'S ORIGINAL COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (11 U.S.C. §523(A)(8))

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Leon Lamar Coe ("Plaintiff" or Mr. Coe), by and through undersigned counsel, file this Original Complaint for Determination of Dischargeability seeking to have his federal student loans from declared dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

## I. Nature of the Case

1. This is an action to declare that Plaintiff's student loan debts were not excepted from discharge under 11 U.S.C. § 523(a)(8).

//

**II. Jurisdiction and Venue**

**2.** On January 31, 2026, Plaintiff filed a voluntary petition for relief under Chapter 7, Case No. 26-30438-mvl7.

**3.** This Complaint is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

4. Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), This is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

**5.** Venue is proper in this district under 28 U.S.C. § 1408 and 1409 (a).

**III. Parties**

**6.** Plaintiff Leon Lamar Coe is an individual residing in Katy, Texas.

**7.** Defendant United States Department of Education is an agency of the U.S. Government, headquartered in Washington D.C., and is the holder of the student loan obligations at issue.

**IV. Statement of Facts.**

8. On April 21, 2026, plaintiff filed for relief under Chapter 7 of the Bankruptcy Code.

9. Plaintiff listed federal student loan obligations on Schedule F totaling $95,169.16. A detailed loan summary is attached as Exhibit A, identifying each loan by type and balance. Because the loans are consolidated, they are not broken out by institution.

10. The Meeting of Creditors took place on June 3, 2026 , and the deadline to object to discharge was Aug. 3, 2026.

11. The Bankruptcy case was closed, then reopened on October 21, 2026 by Debtor's Motion.

//

*Assessment of Present Circumstances*

**12.** Plaintiff's gross monthly income is $6,250.02, which is below the median income for a family of two in this district, according to the U.S. Trustee's means test data.

**13.** Plaintiffs ordinary and necessary living expenses (housing, food, transportation and medical expenses) result in a small monthly deficit each month without accounting for student loan payments.

**14.** Plaintiff's federal student loan balance of $95,169.16 would require estimated payments of $960.08 per month under the standard repayment plan, which Plaintiff cannot afford while maintaining a minimal standard of living.

*Assessment of Future Circumstances*

**15.** Plaintiff's inability to repay the loans will likely persist for a significant portion of the repayment period due to factors such as:

**A.** He is currently working at Metro of Harris County as a transit scheduler and while he believes this will provide him with more stable employment than he has had in the past, there are limited opportunities for increases in income beyond cost-of-living adjustments;

**B.** Plaintiff's child at home is aging out, but he also pays child support for a child that is eleven and will continue to have financial needs for many years; and

**C.** Plaintiff does not expect a significant decrease in expenses going forward.

**16.** Plaintiff has limited assets and none that are unprotected from collection. He has a small amount of equity in his homestead property, no other real estate. He has one vehicle with no equity and normal household

furnishings and personal items but no collectibles of value or non-exempt assets.

//

*Assessment of Good Faith*

**17.** Plaintiff has demonstrated good faith by:

**A.** Making 154 payments over the life of the loans;

**B.** Applying for deferment/forbearance when eligible;

**C.** Enrolling or applying for income-driven repayment plans and the graduated repayment plan;

**D.** Communicating regularly with loan servicers and the Department of Education; and

**E.** Seeking professional assistance to manage this debt.

**18.** Plaintiff requests that any supplemental financial information or attestation filed with this case be placed under seal pursuant to 11 U.S.C. §§107(b)(2) and 107(c), as such details are private and could cause harm if publicly disclosed.

**V. Claim for Relief (Discharge of Student loans – 11 U.S.C. §523(a)(8))**

**18.** Section 523(a)(8) excepts certain student loans from discharge unless repayment would impose an undue hardship on the debtor and her dependents.

**19.** The controlling test is the three-prong Brunner test, *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987).

**20.** Plaintiff satisfies all three prongs:

**A.** Minimal Standard of Living: Plaintiff cannot maintain a minimal standard of living for himself and his household if required to repay student loans in addition to current expenses.

**B.** Persistence of Circumstances: Plaintiff's financial circumstances are

unlikely to materially improve for a significant portion of the repayment period.

**C.** Good Faith: Plaintiff has demonstrated good faith efforts to repay his loans, including making payments, continuing to have open communications for years with the loan servicers, and applying for forbearances when he could not make the payments.

**21.** Repayment of Plaintiff's student loans would impose an undue hardship within the meaning of § 523(a)(8).

## VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

**A.** Determining that Plaintiff's student loan obligations owed to Defendant are dischargeable under 11 U.S.C. § 523(a)(8);

**B.** Declaring such student loans discharged pursuant to 11 U.S.C. § 1328(a); and

**C.** Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Leon Lamar Coe